UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARTHA SCOTT | : |
| | : |
| VS. | :     NO. 3:02CV1539 (EBB) |
| | : |
| TOWN OF MONROE and | : |
| TOWN OF EASTON | :     FEBRUARY 28, 2004 |

## MOTION FOR RECONSIDERATION

Plaintiff respectfully moves that this court reconsider that portion of its Ruling on Plaintiff's Motion to Dismiss, filed February 27, 2004, wherein the court dismisses the plaintiff's Equal Protection claim.

In support of this motion, the plaintiff notes that the court based its decision dismissing the equal protection claim on language in a 1995 Second Circuit case, Zahra v. Town of Southold, 48 F.3d 674, 683 (2nd Cir. 1995), wherein the court had limited equal protection claims to those treated differently from others either because of "impermissible considerations" or "a malicious or bad faith intent to injure...." Zahra, however, no longer is good law.

The Zahra limitation was discarded by Village of Willowbrook v. Olech, 528 U.S. 562, 120 S. Ct. 1073 (2000). "Before Olech, the Second Circuit permitted selective

enforcement claims based on a 'class of one' if the plaintiff could 'show both (1) that [he was] treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" Russo v. City of Hartford, 184 F. Supp. 2d 169, 190 (D. Conn. 2002) (Hall, J.), *citing* Harlen Associates v. Incorporated Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001).  "In Harlen, the Court of Appeals assumed without holding that a plaintiff who establishes differential treatment could state an equal protection claim by showing 'either that there was no rational basis for the unequal treatment received, or that the [unequal treatment] was motivated by animus." *Ibid*., quoting Harlen, *supra*, at 500.  *Cf.*, Barstow v. Shea, 196 F. Supp. 2d 141, 148 (D. Conn. 2002) (Arterton, J.); Oneto v. Town of Hamden, 169 F. Supp. 2d 72, 80-81 (D. Conn. 2001) (Arterton, J.); Giordano v. City of New York, 274 F.3d 740, 751 (2d Cir. 2001); Carpenteria Valley Farms, Ltd. v. County of Santa Barbara, 334 F.3d 796, 802 (9th Cir. 2003).

Accordingly, the court should reconsider its ruling on the plaintiff's equal protection claim in the light of Olech.

THE PLAINTIFF


BY_____
JOHN R. WILLIAMS (#67962)
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
Telephone: 203.562.9931
Fax: 203.776.9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney


**CERTIFICATION**

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, on the date above stated, to the following parties and counsel of record:

| | |
|---|---|
| John J. Radshaw, III, Esq. | Mark A. Perkins, Esq. |
| Howd & Ludorf | Maher & Murtha, LLC |
| 65 Wethersfield Avenue | 528 Clinton Avenue |
| Hartford, CT 06114 | Bridgeport, CT 06605-0901 |

_____
JOHN R. WILLIAMS

3