FILED
MAR 4 3 28 PM '04
DISTRICT COURT
NEW HAVEN, CONN

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MARTHA SCOTT,
Plaintiff

VS.

TOWN OF MONROE AND
TOWN OF EASTON
Defendants

NO. 3:02CV1539 (EEB)

MARCH 3, 2004

**TOWN OF EASTON'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

In its ruling dated February 26, 2004, this Court granted the defendants' Motion to Dismiss on the grounds that the Complaint failed to state claims upon which relief could be granted. The plaintiff now moves this court to reconsider its decision based upon the theory that the court relied on a case that was "no longer good law." (Plf.'s Motion to Reconsider, p. 1.) Specifically, the plaintiff argues that: "The Zara limitation was discarded by Village of Willowbrook v. Olech, 528 U.S. 562, 120 S. Ct. 1073(2000)." Plf. Motion to Reconsider, p. 1.)[1]

[1] It should be noted that the plaintiff cites Zahra v. Town of Southold, 48 F.3d 674 (2d Cir. 1995), in support of his argument that her substantive due process rights were violated. (Plaintiff's Mem. Of Law p. 7.)

As this Court has recently explained, "[t]he standard for granting a motion for reconsideration is strict." ACEquip. Ltd. V. AM. Eng'g Corp., 218 F.R.D. 364, 365 (D. Conn. 2003). To bring such a motion, the plaintiff must "point to controlling decisions or data that the court overlooked." Id. In the instant case, the plaintiff is clearly attempting to reargue issues considered by this Court in its February 26, 2004 decision. The plaintiff essentially argues that the Olech decision expands the equal protection analysis requiring the court to determine whether there was no rational basis for the unequal treatment claimed by the plaintiff. *Arguendo*, the court is required to consider whether there was no rational basis for the difference in treatment, this Court found that the defendants acted pursuant to authority delegated to them by the Connecticut Legislature. This Court also held that: "there was nothing in the complaint to convince this court that the municipalities' actions were unreasonable or arbitrary . . ." (Dec. p. 7.)

It is clear from the entirety of the decision that this Court applied the applicable law to the allegations of the complaint. For this reason, the plaintiff's Motion to Reconsider should be denied as it merely attempts to reargue issues considered and decided by the Court.

THE DEFENDANT,
Town of Easton

BY ______________________

MARK A. PERKINS
MAHER AND MURTHA, LLC
528 Clinton Avenue - P.O. Box 901
Bridgeport, CT 06601-0901
Phone (203) 367-2700
Federal Bar #22419

**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent on this 3rd day of March 2004 to:

John Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

John J. Radshaw, III, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

BY ______________________
MARK A. PERKINS