UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARTHA SCOTT,
          Plaintiff

v.                                3:02 CV1539 (EBB)

TOWN OF MONROE
and
TOWN OF EASTON
          Defendant

FILED
MAR 12  9 28 AM '04
U.S. DISTRICT COURT
HARTFORD, CONN.

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

### INTRODUCTION

Plaintiff Martha Scott ("Plaintiff") has moved for this court to reconsider its Ruling on Defendants' Motion to Dismiss [Doc. No. 24], which was granted in its entirety. In addressing said motion, the Court assumes familiarity with the facts of this case and its prior Ruling. For the reasons stated below, Defendant's Motion for Reconsideration [Doc. No. 25] is denied.

### LEGAL ANALYSIS

I. The Standard of Review

The standard for granting a motion for reconsideration is strict. Channer v. Brooks, 2001 U.S. Dist. LEXIS 25065, 2001 WL 1094964 at *1 (D.Conn. 2001). See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked - - matters, in other words, that might reasonably be expected to alter the conclusion

reached by the court." Id. Thus, "the function of a motion for reconsideration is to present the court with an opportunity to correct 'manifest errors of law or fact or to consider newly discovered evidence.'" LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D.Conn. 1993), aff'd 33 F.3d 50 (2d Cir. 1994), quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Accord Hock v. Thipedeau, 245 F. Supp. 2d 451, 453 (D.Conn. 2003).

II. The Standard As Applied

In its original ruling on defendant's motion to dismiss, this court briefly addressed plaintiff's argument in her opposition memorandum that "[t]he arbitrary deprivation of that right [to vote] by public officials constitutes an equal protection violation," despite the fact that plaintiff did not allege a violation of the Equal Protection Clause of the Fourteenth Amendment in her complaint.  This court found that plaintiff failed to state a cognizable equal protection violation, because she did not allege any malicious or bad faith intent to injure the plaintiff by the defendants, or that she was selectively subjected to the town border changes because of her race or religion, or to prevent her from exercising a constitutional right.

Plaintiff now requests that this court reconsider its ruling

2

dismissing plaintiff's equal protection claim in light of the Supreme Court's recognition that the equal protection guarantee extends to individuals who allege no specific class membership but are nonetheless subjected to invidious discrimination at the hands of government officials. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam). In Olech, the Supreme Court "affirmed the validity of such 'class of one' claims 'where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2001)(quoting Olech, 528 U.S. at 564).

In Harlen, the Second Circuit declined to decide whether Olech determined that proof of subjective ill will is not an essential element of a 'class of one' equal protection claim.[1] As the Court of Appeals stated, "the district court and a number of our sister circuits have read Olech differently, holding that it did not remove the requirement that a plaintiff alleging an equal protection violation based on selective enforcement show that the governmental action at issue was motivated by personal animus... We need not decide which reading is the correct one in order to resolve this case, as Harlen's claim fails even if no

---

[1] Plaintiff's assertion that Zahra v. Town of Southold, 48 F.3d 674 (2d Cir. 1995) is no longer good law is therefore incorrect.

3

showing of animus is required." Id. at 500(citing <u>Hilton v. City of Wheeling</u>, 209 F.3d, 1008 (7th Cir. 2000), cert. denied, 531 U.S. 1080 (2001); <u>Shipp v. McMahon</u>, 234 F.3d 907, 916 (5th Cir. 2000).

Just as in <u>Harlen</u>, even if this court interpreted <u>Olech</u> as removing the requirement that malice or bad faith be shown in order to state a valid claim of selective enforcement, plaintiff still failed to state a cognizable claim of selective enforcement in violation of the equal protection clause. Plaintiff's complaint alleges deprivations of substantive and procedural due process in violation of the Fourteenth Amendment, and deprivation of property without just compensation in violation of the Fifth Amendment to the United States Constitution. Nowhere in plaintiff's complaint does she allege an equal protection violation, assert that defendants treated her unequally or selectively enforced the town border changes unfairly, or claim that the town was motivated by animus or bad faith in their decision to change the town lines.

Similarly, in plaintiff's Brief in Opposition to Motions to Dismiss [Doc. No. 21], aside from stating "the arbitrary deprivation of [the right to vote] by public officials constitutes an equal protection violation," plaintiff neglected to make any argument that defendants treated plaintiff differently from other town residents or selectively enforced the

changes made in the town border. Even if this generalized statement about the arbitrary deprivation of plaintiff's voting rights was to allege a cognizable equal protection claim, this court is not required to consider a new argument that was not asserted in the complaint. See Cosmas v. Hassett, 886 F.2d 8, 13 (2d Cir. 1989)("On a motion to dismiss, the district court must limit itself to a consideration of the facts alleged on the face of the complaint...and to any documents attached as exhibits or incorporated by reference.")(internal citations omitted).

Accordingly, even assuming arguendo that Olech reads out the animus requirement for stating an equal protection claim based on selective enforcement, plaintiff still would have been required to assert in her complaint either that there was no rational basis for the unequal treatment received, or that the change in the town border was motivated by animus, in violation of the equal protection clause. See 273 F.3d at 499. But see Russo v. City of Hartford, 184 F. Supp. 2d 169, 190-191 (D. Conn. 2002)(denying motion to dismiss because plaintiff alleged that similarly situated individuals were treated differently and that the defendants did not express any legitimate basis for the differential treatment). Plaintiff has done neither. As stated in our previous ruling, there is nothing in the complaint alleging that the municipalities' actions were either unreasonable or arbitrary. Accordingly, plaintiff did not allege

5

a cognizable equal protection violation.

## CONCLUSION

Because the allegations in the complaint fail to state a claim of selective enforcement in violation of the Equal Protection Clause, plaintiff's Motion for Reconsideration [Doc. No. 25] is DENIED.

SO ORDERED

ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this  11th  day of March, 2004.